ALD-249                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3995
_____

TED A. MCCRACKEN,
                              Appellant

v.

FORD MOTOR COMPANY; WILLIAM CLAY FORD, CEO, His Predecessor
and Successor; JOHN DOE, Vice President, Marketing, Ford Motor
Company, His Predecessor and Successor; JOHN DOE, Vice President Engineering,
Ford Motor Company, His Predecessor and Successor; J.L. FREED;
CHAPMAN FORD; CHECKER FLAG INCORPORATED

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 07-cv-02018)
District Judge:  Honorable Anita B. Brody

_____

Submitted on Appellee Ford Motor Company's Motion for
Summary Affirmance and for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 22, 2010
Before: SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 3, 2010)
_____

OPINION
_____

PER CURIAM

        Ted A. McCracken appeals from the District Court's entry of summary judgment in

favor of Ford Motor Company ("Ford"). Ford has filed a motion for summary affirmance, and we have notified the parties that we will consider summary action with respect to the other appellees as well. We will grant Ford's motion and affirm. See 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.

I.

McCracken filed a complaint alleging that he has contracted thyroid cancer because, when vehicles travel at speeds in excess of 65 miles per hour, "ambient radiation" in the air increases to dangerous levels inside the cabin. He further alleges that the windshields installed in Ford vehicles provide insufficient protection from that occurrence. He named as defendants Ford as well as several Ford dealerships from which he bought his vehicles (the "dealership defendants"), and asserted eight state-law causes of action, including claims of strict products liability and defective design.[1]

The dealership defendants filed a motion to dismiss on statute of limitations grounds, which the District Court granted. Ford too filed a motion to dismiss the complaint on numerous grounds. The District Court granted that motion in part and dismissed all but McCracken's claims for strict products liability and defective design under Pennsylvania law.

---

[1]McCracken has filed at least twelve other lawsuits raising this general theory, in which he has named numerous other defendants, including other automobile manufacturers, nuclear power plants, and energy companies that produce the gasoline enabling vehicles to travel at 65 miles per hour. See McCracken v. R.E. Ginna Nuclear Power Plant, LLC, No. 08-cv-6217L, 2010 WL 1404115, at *4 (W.D.N.Y. Mar. 31, 2010) (collecting cases).

The District Court also entered a scheduling order, under which McCracken's expert report was due by April 6, 2009.

Several days before that deadline, McCracken filed a motion for an extension of time to retain an expert and a motion for appointment of an expert pursuant to Fed. R. Evid. 706. (He also filed a document entitled "Report of Experts," which set forth the names of nine experts he anticipated calling at trial, though he never retained them and they did not submit reports on his behalf.) The District Court denied those motions by order entered April 8, 2009. Ford then moved for summary judgment on the basis of McCracken's failure to timely present expert evidence in support of his claims. While that motion was pending, the District Court sua sponte dismissed the suit for lack of subject matter jurisdiction because it appeared that the parties were not diverse, but later granted reconsideration. The District Court then granted Ford's motion for summary judgment by order entered July 28, 2009.[2] McCracken filed a timely motion for reconsideration, which the District Court denied on September 16, 2009. He also filed a motion for leave to file a "supplemental" complaint against certain counsel, and the District Court denied that motion in the same order. McCracken appeals.[3]

---

[2]Ford's motion sought the preclusion of expert testimony, and thus summary judgment, as a sanction for McCracken's failure to comply with the scheduling order. In our view, however, the District Court merely granted summary judgment in favor of Ford because McCracken failed to submit expert evidence in support of his claims.

[3]We have jurisdiction pursuant to 28 U.S.C. § 1291. Our jurisdiction extends to those rulings specified in or "'fairly inferred'" from the notice of appeal. See Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010) (citation omitted). McCracken's notice of appeal refers only to the District Court's September 16, 2009 order denying reconsideration of its entry of summary judgment. We thus review that

3

II.

McCracken does not directly challenge the District Court's conclusion that he was required to support his claims of strict products liability and defective design with expert testimony. Given the highly technical nature of the subject matter, however, we agree that he was. Cf. Oddi v. Ford Motor Co., 234 F.3d 136, 159 (3d Cir. 2000) (expert testimony generally required in products liability cases unless the issues are "'simple'" and "'within the range of comprehension of the average juror'") (citation omitted).

Instead, McCracken raises what we construe as six other arguments. None of them has merit. First, he appears to argue that he submitted sufficient evidence to survive summary judgment even in the absence of expert testimony. We disagree. In various filings, McCracken submitted: (1) general Environmental Protection Administration data regarding environmental radiation; (2) lists of books and articles; (3) the transcript of the deposition

ruling, the underlying entry of summary judgment, and all other rulings fairly related to it. See id. In doing so, we review the denial of reconsideration for abuse of discretion, though we review underlying issues of law de novo. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We exercise plenary review over the entry of summary judgment. See Berrier v. Simplicity Mfg., Inc., 563 F.3d 38, 45 (3d Cir. 2009). Finally, we review for abuse of discretion the District Court's decision whether to appoint an expert, see In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 299-300 (3d Cir. 2005), its management of discovery, see Gallas v. Supreme Court of Pa., 211 F.3d 760, 778 (3d Cir. 2000), and its denial of leave to amend a complaint, see Jones v. ABN Amro Mortg. Group, Inc., 606 F.3d 119, 123 (3d Cir. 2010). McCracken's notice of appeal does not mention the District Court's orders dismissing the complaint as to the dealership defendants or dismissing six counts of the complaint as to Ford, and McCracken has raised no arguments regarding those rulings. Nevertheless, even if we were to review them, we see no basis to challenge them for the reasons thoroughly explained by the District Court.

4

of Kenneth Hoffman, a representative of the Pennsylvania Department of Environmental Protection;[4] and (4) affidavits from his mother and him reporting that they observed increased readings on a Geiger meter as their vehicle accelerated. (Dist. Ct. Docket Nos. 58, 61, 63-64, 79 and 82-85.) None of this evidence creates a triable issue of fact regarding the cause of McCracken's cancer or the design of Ford's windshields.

Second, McCracken argues that the District Court erred in refusing to appoint an expert under Fed. R. Evid. 706. McCracken sought appointment of an expert on the sole ground that he had been unable to retain one. The District Court denied that request because McCracken had ample opportunity to retain an expert and because the purpose of Rule 706 is not to provide "litigation assistance" to a party unable to retain an expert on its own. We cannot say that the District Court abused its discretion in doing so. See 29 Charles Alan Wright & Victor Gold, Federal Practice and Procedure § 6304 (1st ed.) (noting that appointment of an expert under Rule 706 is "rare under virtually any circumstances" because, inter alia, such appointment "interferes with adversarial control over the presentation of evidence").

Third, McCracken argues that the District Court should have granted him an extension of time to retain his own expert. The District Court denied McCracken's request on the grounds that it had granted him four earlier extensions during the almost two years that his

_____

[4]During Hoffman's deposition, his counsel stated that Hoffman was appearing only because McCracken had served him with a federal subpoena and that he would not consent to serve as an expert. (Dist. Ct. Docket No. 82, Attach. 4.).

complaint had been pending and that the January 2009 scheduling order gave him ample notice that his expert report was due by April 6, 2009. Once again, we cannot say that the District Court abused its discretion in denying an extension under these circumstances. See Gallas, 211 F.3d at 778.

Fourth, McCracken argues that the District Court erred in "suddenly" and "unexpectedly" granting summary judgment in favor of Ford while discovery was still ongoing. Ford, however, moved for summary judgment after the deadline for McCracken's expert report had passed. McCracken filed numerous documents in opposition to that motion and, when the District Court granted it, discovery had been closed for over four months. Thus, there was nothing irregular in the District Court's decision to enter summary judgment when it did.

Fifth, McCracken argues that the District Court erred in quashing a notice of deposition addressed to Ford's Chief Executive Officer, Alan Mullaly.[5] We need not address this argument because, even if the District Court abused its discretion in that regard (and we see no indication that it did), any such error would be harmless in light of McCracken's failure to submit expert evidence. See 28 U.S.C. § 2111.

Finally, McCracken argues that the District Court abused its discretion in refusing to

---

[5]McCracken also argues that the District Court erred in quashing subpoenas he served on two other Ford employees. Ford filed a motion to quash those subpoenas (Docket No. 59), but the District Court never ruled on it, apparently because it entered summary judgment in favor of Ford on the issue of expert testimony.

allow him to file a "supplemental" complaint against Ford's in-house and outside counsel and counsel representing a third party, Ellen Hotte, whom he attempted to depose. The District Court quashed the subpoena that McCracken served on Hotte. McCracken nevertheless sought leave to file a supplemental complaint—after the District Court already had entered summary judgment—alleging that counsel violated his civil rights by "interfering" with his attempts to depose Hotte. The District Court did not explain why it denied that motion, but McCracken has raised nothing suggesting that it was an abuse of discretion to do so under the circumstances presented here.

Accordingly, we will affirm the judgment of the District Court.[6]

---

[6]Ford seeks an order barring McCracken from further filings without leave of Court. We decline to take that step at this time. Ford also requests costs and damages, apparently under Fed. R. App. P. 38. Ford has not presented that request by separate motion, so we express no opinion on whether sanctions might be warranted. See In re Complaint of PMD Enters., Inc., 301 F.3d 147, 152 n.3 (3d Cir. 2002).